JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04162 ODW (JC) | Date | September 23, 2010 |
|---|---|---|---|
| Title | *Pirro v. Washington Mutual Bank, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):** **Order GRANTING Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) or in the alternative, to Compel Arbitration and for Immediate Stay of Judicial Proceedings [6]**

Currently before the Court is Defendants' Motion to Dismiss or in the alternative, to compel arbitration and for immediate stay of judicial proceedings. Having considered the arguments made in support of the instant Motion, the Court deems matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, the Court GRANTS Defendants' Motion.

## I.   BACKGROUND

Plaintiffs, Chris Pirro and Joseph Pirro, (collectively, "Plaintiffs") were employed with the Defendant, Washington Mutual Bank, ("WMB") as Mortgage Loan Consultants in San Juan Capistrano, California from May 2007 to January 2008. Plaintiffs allege that they refused to engage in Defendants' fraudulent, unethical, and/or illegal actions which ultimately resulted in the termination of their employment. Additionally, Plaintiffs contend that they were not compensated accurately during their employment. Further, Plaintiffs allege that Defendant misrepresented its financial status which Plaintiffs relied on in accepting the offer to work.

Based on the foregoing, Plaintiffs instituted this action against WMB and Defendant, JP Morgan Chase Bank N.A., as acquirer of certain assets and liabilities of WMB (collectively,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04162 ODW (JC) | Date | September 23, 2010 |
|---|---|---|---|
| Title | *Pirro v. Washington Mutual Bank, et al.* | | |

"Defendants") with the following causes of action: 1) Wrongful Termination of Employment; 2) Breach of Implied Covenant of Good Faith and Fair Dealing; 3) Failure to Pay Wages in Violation of Labor Code Sections 200, 201, 203, 1194 and Industrial Welfare Commission Work Orders; and 4) False Representations and Fraudulent Inducement.

The gravamen of the instant motion relates to WMB's arbitration agreement ("Agreement"). (Declaration of Mark R. Atwood ("Atwood Decl."), Dkt. No. 6-4, Exh. 1-D.) Prior to their employment, Plaintiffs signed several documents that made clear that their employment is conditioned upon and subject to the terms of the Agreement. Particularly, on April 4, 2007, Plaintiffs signed WMB's Employment Application agreeing to sign an arbitration agreement if an offer is given. (Def.'s Mot. 6)  Subsequently, on May 8, 2007, Plaintiffs signed their Offer Letters of Employment which expressly conditioned their employment on the execution of WMB's Arbitration Agreement. (Id. at 7)  On June 15, 2007, Plaintiffs signed the actual Agreement, among other documents, during their first day of work at WMB. (Id.)

## II.  LEGAL STANDARD

Employment contracts are governed by the Federal Arbitration Act ("FAA"). 9 U.S.C. § 1 *et seq*; *Allied-Bruce Terminix Co. v. Dobson*, 513 U.S. 265, 269 (1995).  Questions concerning the interpretation and enforceability of arbitration agreements subject to the FAA are determined by federal standards.  *Moses H. Cone Memorial Hosp. v. Mercury Constr*., 460 U.S. 1, 22-24 (1983); *see Slaughter v. Stewart Enters., Inc*., 2007 WL 2255221, at *2 (N.D. Cal. Aug.3, 2007) ("Federal substantive law governs the question of arbitrability.").  However, courts apply ordinary state law contract principles in deciding whether the parties agreed to arbitrate a particular dispute in the first place.  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

In ruling on a petition to compel arbitration, the court's inquiry is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc*., 207 F.3d 1126, 1130 (9th Cir. 2000).  If the finding is affirmative on both counts, then the FAA requires the court to enforce the arbitration agreement in accordance with its terms. *Simula, Inc. v. Autoliv, Inc*., 175 F.3d 716, 719-20 (9th Cir. 1999).

## III.  DISCUSSION

JS-6    O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04162 ODW (JC) | Date | September 23, 2010 |
|---|---|---|---|
| Title | *Pirro v. Washington Mutual Bank, et al.* | | |

### A. Validity of the Arbitration Agreement

"Under California law, an arbitration agreement is unenforceable if it is both procedurally and substantively unconscionable. California courts apply a "sliding scale" analysis in making this determination: the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa. Thus, although both procedural and substantive unconscionability must be present for the contract to be declared unenforceable, they need not be present to the same degree." *Pokorney v. Quixtar, Inc.*, 601 F.3d 987, 996 (9th Cir. 2010); *see also Armendariz v. Found. Health Psychcare Serv.*, 24 Cal. 4th 83, 114 (2000). "[T]he party opposing arbitration has the burden of proving the arbitration provision is unconscionable." *Sullivan v. Lumber Liquidators, Inc.*, 2010 WL 2231781, at *3 (N.D. Cal. June 2, 2010); *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 972 (1997) ("a party opposing the petition [to arbitrate] bears the burden of proving by a preponderance of the evidence any fact necessary to its defense").

#### 1. Procedural Unconscionability

"[T]he critical factor in procedural unconscionability analysis is the manner in which the contract or the disputed clause was presented and negotiated." *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257, 1282 (9th Cir. 2006). In this case, the arbitration provision was presented as part of an employment agreement. Courts have routinely recognized that where an arbitration clause, contained within an employment contract, is "cast in a 'take it or leave' light and presented as [a] standard non-negotiable provisio[n], the procedural element of unconscionability is satisfied." *Furguson v. Country-wide Credit Industries, Inc.*, 298 F.3d 778, 784 (9th Cir. 2002) (finding arbitration clause procedurally unconscionable because it was imposed on employees as a condition of employment and was non-negotiable); *accord Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519 (1997). However, "[t]he take-it-or-leave-it nature of [the] agreement[s] is insufficient to render [them] unenforceable." *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1094 (9th Cir. 2009). "A procedural unconscionability analysis also includes consideration of the factors of surprise and oppression." *Parada v. Superior Court*, 176 Cal. App. 4th 1554, 1571 (2009).

Here, the parties do not dispute that the agreement to arbitrate was contained in WMB's standardized forms. Plaintiffs nevertheless make a bare assertion that the "Pirros had no opportunity to negotiate the terms, as the agreement was on a 'take or leave it' basis as a condition of employment . . . ." (Pl.'s Opp'n at 4.) Hence, the Plaintiffs argue, the Agreement was procedurally unconscionable. (Id.) Plaintiffs fail to show beyond this assertion that indeed there were no opportunities to negotiate the terms. Particularly, Plaintiffs do not allege facts indicating that they had objections to any of the terms of the employment, including the

JS-6 O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04162 ODW (JC) | Date | September 23, 2010 |
|---|---|---|---|
| Title | *Pirro v. Washington Mutual Bank, et al.* | | |

Agreement, from the time of the Employment Application (April 4, 2007) to their first day of employment (June 15, 2007). Because Plaintiffs bear the burden of proving unconscionability, a bare allegation, with nothing more, will not suffice.

Additionally, oppression, for procedural unconscionability purposes, "refers not only to an absence of power to negotiate the terms of a contract, but also to the absence of reasonable market alternatives." *See Parada*, 176 Cal. App. 4th at 1572. The Agreement stems from an employment contract, and as such, the business realities of these circumstances afford job applicants the opportunity to consider other reasonable employment options, if any, prior to agreeing to the terms of any specific employer. Plaintiffs do not contend that no reasonable market alternatives existed.

Furthermore, "surprise" cannot be an issue of contention as the Plaintiffs reviewed and signed WMB documents expressly mentioning the Agreement on several occasions beginning April 2007 to June 2007. Accordingly, no elements of surprise exist in this case.

Therefore, Plaintiffs fail to show that the Agreement was procedurally unconscionable. Nevertheless, courts may find substantive unconscionability despite little evidence of procedural unconscionability. *Pokorney*, 601 F.3d at 996 (requiring a "sliding scale" analysis in making this determination). The more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable. *Id*.

### 2. Substantive Unconscionibility

Substantive unconscionability "focuses on the terms of the agreement and whether those terms are so one-sided as to shock the conscience." *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1043 (9th Cir. 2001). "The focus of the inquiry is whether the term is one-sided and will have an overly harsh effect on the disadvantaged party. Thus, mutuality is the 'paramount' consideration when assessing substantive unconscionability. Agreements to arbitrate must contain at least a modicum of bilaterality to avoid unconscionability." *Pokorny*, 601 F.3d at 997-98.

Plaintiffs contend that the Defendants' one-sided Agreement lacks mutuality rendering the Agreement substantively unconscionable. Plaintiffs refer specifically to a clause in the Agreement: "Claims for injunctive relief to enforce rights to trade secrets, or agreements not to compete or solicit customers or employees." (Dkt. No. 6-4, Exh. 1-D ¶ 3) Plaintiffs argue that the Agreement excludes from the arbitration provision those claims typically brought by an employer against its employee, including claims Defendants may have against plaintiff for trade secret violations, misuse or disclosure of confidential information or unfair competition. *See e.g., Mercuro v. Countrywide Sec.* 96 Cal. App. 4th 167, 176 (2002)("An employee terminated for

JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04162 ODW (JC) | Date | September 23, 2010 |
|---|---|---|---|
| Title | *Pirro v. Washington Mutual Bank, et al.* | | |

stealing trade secrets, for example, must arbitrate his wrongful termination claim under the agreement but [employer] can avoid a corresponding obligation to arbitrate its trade secrets claim against the employee by the simple expedient of requesting injunctive or declaratory relief.").

The Agreement in this case is inapposite as injunctive relief is indeed provided for all parties before or during arbitration. Specifically, the Agreement states, "despite anything in the Agreement to the contrary, either party may request a court to issue such temporary or interim relief (including temporary restraining orders and preliminary injunctions) as may be appropriate, either before or after arbitration is commenced." (Dkt. No. 6-4, Exh. 1-D ¶ 4) Therefore, the Agreement actually provides injunctive relief for both employees and employers in all circumstances despite the language to which Plaintiffs refer. Consequently, a "modicum of bilaterality" exists here. *See Ingle v. Circuit City Stores, Inc*., 328 F.3d 1165, 1171, 1173-74 (9th Cir. 2003).

Plaintiffs also argue that the Agreement's discovery limitations and the cost sharing provision render it substantively unconscionable. Plaintiffs contentions are without merit. The Agreement provides that discovery limitations are at the discretion of the arbitrator, and both parties may seek additional discovery if necessary. (Dkt. No. 6-4, Exh. 1-D ¶ 9) With regard to arbitration costs, the Agreement provides that WMB will reimburse arbitration filing fees to the extent the costs exceed court filing fees. (Id. ¶ 4) Hence, the Agreement on its face follows *Armendariz* by allocating costs beyond that which the employee would have incurred to the employer. *See* 24 Cal. 4th at 110-11. These arrangements are a far cry from shocking this Court's conscience.

For the foregoing reasons, the Court finds that a valid agreement to arbitrate exists. Notwithstanding the Agreement's validity, the Court must now examine the scope of the Agreement.

> **B.    The Scope of the Arbitration Agreement**

The FAA establishes that, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24-25

JS-6 O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04162 ODW (JC) | Date | September 23, 2010 |
|---|---|---|---|
| Title | *Pirro v. Washington Mutual Bank, et al.* | | |

(1983). Here, there is no doubt that Plaintiffs' causes of action all stem from their employment with WMB. Specifically, the action arises out of the same facts and circumstances relating to Plaintiffs' employment which the Agreement expressly covers. Accordingly, this dispute is subject to arbitration pursuant to the Agreement.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' motion to dismiss. The Court orders the action dismissed without prejudice,[1] and the parties are ordered to commence arbitration. The motion to stay is thereby rendered MOOT.

The clerk is ordered to close this case.

IT IS SO ORDERED.

                     -- : 00

Initials of Preparer    RGN

---

[1] Where a complaint and the attached exhibits demonstrate that all of Plaintiff's claims are subject to arbitration, a court may dismiss the complaint under Rule 12(b)(6). *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004); *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725 (9th Cir. 2000). Indeed, even where a party moves to stay litigation pending arbitration under the FAA, the district court has discretion to dismiss the complaint if it finds all of the claims before it are arbitrable. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).